UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13-4156

-----------------------------------------------------------x

STEVE ZAVALA,

                **Plaintiff**

SUMMONS ISSUED
COMPLAINT
AND JURY
DEMAND

-against-

THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER
PATRICK FLAHERTY,

                **Defendants.**

-----------------------------------------------------------x

## PRELIMINARY STATEMENT

1.       This is a Civil Rights action in which Plaintiff STEVE ZAVALA, seeks redress for the Defendants violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2.       Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3), this being an action seeking redress for the violation of Plaintiffs Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3.       Plaintiffs claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.       Intentionally omitted.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United State District Court of the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

7. Plaintiff STEVE ZAVALA is a United States Citizen and resident of the United States and is at all times herein relevant is a resident of the State of New York, having an address at 174 Mountain View Avenue, Staten Island, NY 10314.

8. Defendant NEW YORK CITY POLICE OFFICER PATRICK FLAHERTY of the NBSI Command was and at all times relevant, an officer and employee agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of the CITY OF NEW YORK. Defendants FLAHERTY (hereinafter "the Officer") is sued individually and in his official capacity. At all times relevant, the Officer was acting under the color of State law in the course and scope of his duties and functions as agent, servant, employee and Officer of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. The Officer was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of Defendant NEW YORK CITY POLICE DEPARTMENT and incidental to his lawful pursuit of his duties as officers, employees and agents of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Intentionally omitted.

10. The CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police

Department, which acts as its agent in the area of law Enforcement and for which it is ultimately responsible.

11. Defendant NEW YORK CITY POLICE DEPARTMENT is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for the CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. On December 19, 2008, plaintiff was lawfully inside a hotel room located at 535 North Gannon Avenue in Richmond County, New York. Defendant Flaherty and other officers were making an arrest in the hallway of the hotel when plaintiff opened the door to see what the commotion was. Defendant Flaherty and other officers pushed their way into plaintiff's hotel room and falsely arrested plaintiff for possession of illegal narcotics. Plaintiff at no time had in room or possession any illegal narcotics or narcotics related paraphernalia.

13. Plaintiff was arrested and charged with Criminal Possession of a Controlled Substance. Plaintiff was incarcerated for a period of 24 hours and then released from prison. See Criminal Court Complaint. On or about July 23, 2010 all the charges were dismissed in their entirety by the New York Criminal Court after defendant Flaherty failed to appear at any of the required hearing dates where he was to testify against plaintiff. See Certificate of Disposition. Plaintiff was forced to expend significant sums on private counsel for his defense, made many appearances in Court, lost time and income from work and spent approximately 24 hours in custody. Plaintiff further suffered extreme humiliation and public embarrassment.

## FIRST FEDERAL CLAIM
**Violation of the Right secured by 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution False and Unlawful Arrest**

14. Plaintiff incorporates paragraphs "1" through "13" as if fully set forth herein.

15. Upon information and belief, the conduct of defendant Officers acting under color of State Law, violated 42 U.S.C. 1983 by unlawfully handcuffing, arresting and detaining Plaintiff.

16. That the actions of Defendant Officer occurred in and during the course and scope of their duties and functions as a New York City Police Officers and while acting as agents and employees of Defendant NEW YORK CITY POLICE DEPARTMENT and defendant CITY OF NEW YORK, resulting in the aforementioned harm to Plaintiff.

## SECOND FEDERAL CLAIM
**Violation of Rights secured by the Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution for the Malicious Prosecution of Plaintiff by Defendant Police Officers Daly and Meyers.**

17. Plaintiff incorporates paragraphs "1" through "19" as if fully set forth herein.

18. That upon information and belief the conduct of Defendant Officers acting under the color of State law violated 42 U.S.C. 1983 by stating a false reason for the arrest of Plaintiff to Defendants superiors and to the employees and or agents of the Richmond County District Attorney's Office.

19. That the actions of the Officer occurred in and during the course and scope of is duties and functions as a New York City Police Officer and while acting as agents and employees of Defendant NEW YORK CITY POLICE DEPARTMENT and were malicious

in content and nature, resulting in the aforementioned and hereinafter mentioned harm to plaintiff.

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all Defendants:

a) Compensatory Damages for Plaintiff.
b) Punitive Damages against Defendants FLAHERTY.
c) Punitive Damages against Defendant NEW YORK CITY POLICE DEPARTMENT.
d) A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action and Attorneys fees.
e) Such other and further relief this Court may deem necessary and appropriate, including declaratory relief.

Dated: New York, New York
July 22, 2013

Yours etc.,

LAW OFFICE OF ROBERT OSUNA, P.C.
By: Robert Osuna, Esq.
Office and P.O. Address
Attorneys for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
Tel. 212.233.1033

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Steve Zavala (M 39)

Defendant.

MISDEMEANOR

2008RI012707

STATE OF NEW YORK )
) ss.:
COUNTY OF RICHMOND )

Police Officer Patrick Flaherty, shield #2540 of the NBSI, deposes and says as follows:

On December 19, 2008, at about 2220 hours at inside of 535 North Gannon Ave. in Staten Island, New York in the County of Richmond and State of New York, the defendant committed the offense of:

1. PL 220.03          Criminal Possession Controlled Subst 7th
                      (defendant #1: 04 counts)

in that the defendant knowingly and unlawfully possessed a controlled substance.

The offense was committed under the following circumstances:

Deponent states that he did observe the defendant to have in his hand a pipe with residue, and that defendant was in a room at the above location, Victory Motor Inn, and on a bed in the room, was an additional pipe with residue, a ziplock bag and a tin foil containing white rocky substances.

Deponent further states that the above-described substance is in fact what it is alleged to be, crack cocaine, based upon information and belief, the source of which is as follows: professional training as a police officer in the identification of drugs, prior experience as a police officer in drug arrests and observations of the packaging which is characteristic of this type of drug.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

Sworn to before me on 12/20, 2008.

_____                    _____
                         DA copy                              Deponent

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND
                                          CERTIFICATE OF DISPOSITION
                                             NUMBER:   23399
THE PEOPLE OF THE STATE OF NEW  YORK
            VS

ZAVALA, STEVE                                  02/07/1969
Defendant                                 Date of Birth

430 WESTWOOD AVENUE                            5711911Y
Address                                   NYSID Number

STATEN ISLAND         NY                       12/19/2008
City              State  Zip              Date of Arrest/Issue

Docket Number: 2008RI012707               Summons No:

220.03
Arraignment Charges


Case Disposition Information:

    Date          Court Action              Judge              Part
 07/23/2010   DISM - SPEEDY TRIAL PROVISIONS  BOYAR,D          AP2
```

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

TUMBARELLO, J                              08/02/2010
COURT OFFICIAL SIGNATURE AND SEAL          DATE          FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)